Pennington, J.
The action below, was brought on an article of agreement, made between Lennington and Case, in 1806. From the state of demand and agreement, both of which are before us, it appears that Mark Thompson, some years before, had been high sheriff of the county of Sussex; and that Case had been his under sheriff, and that while under sheriff to Thompson, he had sold an undivided share in a piece of latid to one Thomas Hill; that Case agreed to let Lennington have the sheriff's deed for said lot, on his applying to the Court of Common Pleas for an order on the present or succeeding sheriff to make a deed to him; and Case agreed to be aiding and assisting Lennington as far as in his power to procure the order of the court for the pro- ’ curing the deed for said lot or any part of it, as is or may appear right. The agreement itself contains no consideration ; but the state of demand set out as a consideration of the agreement, that Lennington gave Case a note for sixty dollars, conditioned for the lot, and it is probable that this was proved by parol testimony. The breach assigned was, that Case did not assist Lennington in procuring [*] the said deed. The state of demand farther sets out, that Case prosecuted Lennington on the note, and recovered judgment. We have not the note before us; but if it was given on the condition, that if the lot was obtained, which seems to be a fair construction of the state of demand, it appears to me that Lennington [626] ought .to have resisted the suit on the note, on the ground that the condition had not been complied with, and it is probable that this was attempted. But as there is some obscurity in the state of demand on that subject, I have considered the case farther, and it appears to me, that to make out a substantial cause of action, the state of demand ought to have contained an allegation that Lennington had applied to the Common Pleas for the order;[1] and *422 that he had called on Case to give him all the aid and assistance in the application that the agreement required of him, and that Case had refused or neglected to do it. By the agreement, Lennington took upon himself to apply, he was to be the principal actor, and Case was to be aiding and assisting, and that only as far as it appeared right. If this was an essential allegation, and I think it was, it is not cured by verdict. For this reason, I am of opinion that the judgment of the justice be reversed.
Anderson, attorney for plaintiff.
Kirkpatrick, C. J.
I think the case stated, is altogether too loose to be made the ground of an action. What is aiding and, assisting as far as in his power, in the prosecution of a lawful right? Was he to be attorney or counsel, or what else ? I agree with my brother Pennington, that there must be a reversal.
Eossell, J.
I agree to reverse.
Judgment reversed.

 Mr. Thompson, the sheriff, was dead. See Rev. 434, sect. 15.